**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

**JIM ACHACHE,**

                              **Plaintiff,**          Index No. 08 CV 5813 (PAC)
                                                      ECF Case

vs.

**VANTAGE ASSOCIATES and VANTAGE PLANE PLASTICS,**

                                                      **JURY TRIAL**
                           **Defendants.**       **DEMANDED**
------------------------------------------------------------------X

Plaintiff JIM ACHACHE, by his attorney, as and for his Complaint against defendants VANTAGE ASSOCIATES and VANTAGE PLANE PLASTICS, alleges as follows:

### THE PARTIES

1. JIM ACHACHE is an individual residing at 2915 Bd Edouard Montpetit #505, Montreal PQ H3T1J8, Canada. Mr. Achache was the President and sole shareholder of Alloject PLC ("Allojet"), a corporation formed under the laws of the United Kingdom. Allojet was dissolved on June 13, 2006.

2. Upon information and belief, VANTAGE ASSOCIATES ("VANTAGE") is a corporation, with its principal place of business located at 900 Civic Center Drive, National City, CA 91950.

3. Upon information and belief, VANTAGE PLANE PLASTICS ("Plane Plastics") is a corporation, with its principal place of business located 129 E. Flynn

**The Law Offices of Joseph M. Heppt**
**260 Madison Avenue**
**New York, New York 10016**
**(212) 973-0839**

Street, Alva, OK 73717.  Upon information and belief, PLANE PLASTICS is a division of VANTAGE.

## JURISDICTION AND VENUE

4. The jurisdiction of this Court is predicated upon section 1332(a) of the Judicial Code, 28 U.S.C. § 1332(a), in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of a State and a citizen of a foreign state.

5. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(a), in that the defendant is subject to personal jurisdiction in the Southern District of New York.

6. Upon information and belief, Defendants solicit and transact business in New York via Plane Plastics' interactive internet site.

7. Upon information and belief, potential customers in New York visiting Plane Plastics' internet site can view product catalogs and submit orders for products directly with Plane Plastics.

8. Upon information and belief, Plane Plastics displays on its internet site the names and addresses of at least four "accredited plane installers" in New York.

9. Upon information and belief, Defendants have derived significant revenues from sales of Plane Plastics' products in New York either through internet sales or sales through its Accredited Plane Installers.

10. Based upon the foregoing, Defendants' contacts with New York have been sufficient to confer jurisdiction pursuant to New York's long arm statutes CPLR §§ 301 and 302.

11. Based upon the foregoing, Defendants' contacts with New York have been substantial and sustained and the exercise of jurisdiction over the Defendants would not be violative of Defendants' due process rights.

## FACTS RELATING TO THE SUBSTANTIVE CLAIM

12. Upon information and belief, Plane Plastics is an operating division of Vantage and is the world's largest supplier of FAA approved interior plastics for general aviation aircraft.

13. Vantage, on its official corporate web site, lists Plane Plastics among "its businesses."

14. Plane Plastics sells its products worldwide by means of an interactive website that it maintains on the world-wide-web at www.planeplastics.com.

15. Scott Brown, the Division Vice President of Plane Plastics, made various representations to Mr. Achache, during a trip that Mr. Achache made to Plane Plastics' offices during the summer of 2003. Among those representations were:

   a. That Plane Plastics wanted to establish a long-term relationship with Allojet;

   b. That Plane Plastics would work with Allojet to revise Plane Plastics' and Allojet's web sites to develop the European market for Plane Plastics' products, which were to be sold through Allojet's web site;

   c. That Allojet would enjoy the fruits of its labor in developing the European market for Plane Plastics' products.

16. In or about September 2003, Plane Plastics and Allojet entered into an agreement whereby Allojet became Plane Plastics' sole distributor in Europe as of June

30, 2003 (the "Exclusive Distribution Agreement"). A copy of the Exclusive Distribution Agreement is attached hereto as Exhibit A.

17.     Consistent with the grant to Allojet of exclusive distribution rights in Europe, the Exclusive Distribution Agreement provided that Plane Plastics would direct <u>all</u> of its European customers and European installers to Allojet for ordering.

18.     In reliance on the representations made by Mr. Brown, Plaintiff invested significant funds and resources advertising and promoting Plane Plastics products in the European market.

19.     Plane Plastics violated the terms of the Exclusive Distribution Agreement by continuing to sell products directly to its European customers and installers via the Plane Plastics interactive website.

20.     Plaintiff objected on numerous occasions to these breaches of the Exclusive Distributorship Agreement and demanded that Plane Plastics honor its contractual obligations to Allojet.

21.     In a letter to Allojet dated April 1, 2004, Scott Brown, the Division Vice President of Plane Plastics, essentially admitted that Plane Plastics had no intention of abiding by the terms of the Exclusive Distributorship Agreement.

22.     Allojet has incurred significant economic damages as a result of Plane Plastics' breach of the Exclusive Distribution Agreement including, but not limited to, lost profits on sales made by Plane Plastics to European installers and customers after the date of the Exclusive Distribution Agreement.

23. In addition, relying on the representations made by Mr. Brown, Allojet expended significant sums in advertising and promoting Plane Plastics' products in Europe.

**AS AND FOR A FIRST
CLAIM FOR RELIEF**
[Breach of Contract:  Compensatory Damages]

24. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth in paragraphs "1" through "23," inclusive hereof, with the same force and effect as if set forth in full herein.

25. The Exclusive Distribution Agreement constitutes a valid contract between Plane Plastics and Allojet.

26. Plaintiff has fully performed its obligations under the contract.

27. The Defendants, breached that contract by continuing to sell products directly to their European installers and customers after the effective date of the Exclusive Distribution Agreement.

28. As a result of the above, Plaintiff has been damaged in the amount to be determined at trial, but in no event less than $75,000.00, plus pre-judgment interest and post-judgment interest together with the costs incurred in bringing this action including attorneys' fees.

**AS AND FOR A SECOND
CLAIM FOR RELIEF**
[Fraud]

29. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth in paragraphs "1" through "28," inclusive hereof, with the same force and effect as if set forth in full herein.

30.     The representations made by Mr. Brown described above were false when made and Defendants knew or should have known that these representations were false when they made them.

31.     In reliance on these false representations, Allojet invested significant funds and resources advertising and promoting Plane Plastics' products in Europe thereby causing compensatory damages to Allojet in an amount to be determined at trial, but not less than $1 million.

**AS AND FOR A THIRD
CLAIM FOR RELIEF**
[Unjust Enrichment]

32.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth in paragraphs "1" through "31," inclusive hereof, with the same force and effect as if set forth in full herein.

33.     That by reason of the foregoing, the Defendants have been unjustly enriched in an amount to be determined at trial, but not less than $1 million, together with interest thereon from June 2003 to the present, for the benefits conferred upon them by the Plaintiff and accepted and retained by the Defendants.

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a.     An order granting Plaintiff judgment against Defendants for all damages incurred by Plaintiff by virtue of Defendants' willful breach of the Exclusive Distribution Agreement in an amount to be determined at trial, but in no event less than $75,000.00, plus pre-judgment interest;

b.     An order granting Plaintiff judgment against Defendants for all damages

incurred by Plaintiff by virtue of Defendants' fraudulent conduct in an amount to be determined at trial, but in no event less than $1,000,000.00;

  c. An order granting Plaintiff judgment against Defendants sufficient to compensate Plaintiff for the unjust enrichment of the Defendants in an amount to be determined at trial, but in no event less than $1,000,000.00; and

  d. An order granting Plaintiff such other, further, and different relief as the honorable Court may deem just and proper.

Dated: New York, New York
   June 26, 2008

            THE LAW OFFICES OF
            JOSEPH M. HEPPT

            _____/s_____
            Joseph M. Heppt (JH-4974)

            260 Madison Avenue
            New York, New York 10016
            (212) 973-0839

            *Attorney for Plaintiff*